UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JAN 2 3 2015
Per ____ DEPUTY CLERK

ERICK FLORES-RIVERA, :
:
Petitioner :
:
v. : CIVIL NO. 3:CV-15-0083
:
DAVID EBBERT, : (Judge Kosik)
:
Respondent :

**MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum filed by Erick Flores-Rivera ("Petitioner"), an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania. (Docs. 1, 2.) The matter is presently before the court for screening. See 28 U.S.C. § 2243. Petitioner has also filed a motion requesting leave to proceed in forma pauperis (Doc. 3) in this matter. For the reasons that follow, the motion to proceed in forma pauperis will be granted, and the petition will be dismissed for lack of jurisdiction.

## I. Background

In the instant petition for writ of habeas corpus, Petitioner challenges a conviction and sentence imposed by the United States District Court for the District

of Puerto Rico. He states that the sentence was imposed on May 24, 1993, and was for a term of 324 months imprisonment, consecutive to a 232 month sentence handed down in another criminal matter. (Doc. 1, Pet.) He states his conviction and sentence were affirmed on direct appeal. See United States v. Flores-Rivera, 56 F.3d 319 (1995). He also references a motion pursuant to 28 U.S.C. § 2255, which he filed in the Puerto Rico District Court and which was denied in November of 1998, wherein he raised arguments including ineffective assistance of counsel, double jeopardy, trial errors, and prosecutorial misconduct. Petitioner also references a motion filed with the District Court under Rule 60(d)(1)(3) claiming "actual innocence of unpublished statutes and unlawful jurisdiction." He states that this motion was also denied.

In the petition and supporting memorandum, he requests this court to dismiss his indictment and order him released from confinement. In support of his request, he claims the following. He first argues that he was subjected to double jeopardy, as prohibited by the Fifth Amendment to the United States Constitution. He appears to argue that supervised release, as part of his imposed sentence, constitutes being penalized twice for the same conduct. He claims that "there is no authority under any criminal charges for a sentence to supervised release." (Doc. 2 at 6.) He also appears

to rely on the cases of Booker, Appendi and Alleyne in support of his position.[1] (Id. at 10-11.) He also claims that he is "innocent of violating any laws against the United States" because he was not given any "judicial notice as required by law." (Id. at 21.) He claims that he had no knowledge that he was violating any statutes because the statutes were never published according to law. (Id. at 18.) He claims that notice of the contents of the Federal Register must be served to the public, and that there were no publications as required by Title 44 U.S.C. §§ 1501-1507 in any newspapers, magazines, television, radio, or any other publications. (Id. at 21-22.) He contends that it is "barbaric to imprison persons that does (sic) not know that his crime was a Federal one." (Id. at 22.) He claims that he is challenging the execution of his illegal and unlawful sentence, and that § 2255 is inadequate and ineffective to raise these claims. (Id. at 25.) He wants his conviction and sentence vacated.

Less than two months ago, Petitioner filed another § 2241 habeas petition in this court challenging the same underlying conviction and sentence. See Flores-Rivera v. Ebbert, No. 3:14-cv-2251. Many of the same arguments set forth in the pending petition were alleged therein. For example, Petitioner sought to challenge his sentence based on the decisions issued in Booker, Appendi and Alleyne, and set

---

[1] See United States v. Booker, 543 U.S. 220 (2005); Apprendi v. New Jersey, 530 U.S. 466 (2000); and Alleyne v. United States, 133 S. Ct. 2151 (2013).

forth claims of double jeopardy.

In conducting PACER and Westlaw computerized legal research, the following background information was gathered in addressing the earlier § 2241 petition.[2] Petitioner pled guilty to federal drug charges in January 1991, and received a sentence of 240 months imprisonment along with a $20,000.00 fine. Proceedings also later took place with respect to the issue of the return to Petitioner of property that had been seized from him incident to the arrest. See United States of America v. Flores-Rivera, 601 F.3d 41 (1st Cir. 2010).

On April 11, 1991, in a separate criminal case, Petitioner along with seventeen other persons, were named in a 34-count superseding indictment wherein he was charged with various drug-related offenses in the United States District Court for the District of Puerto Rico. On April 14, 1993, a jury convicted him on one count of conspiracy to import cocaine and to possess cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 846 and 963, and two counts of assaulting a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111. He was sentenced to 324 months imprisonment, to be followed by a five-year term of supervised release. His conviction was affirmed by the First Circuit Court of Appeals on direct appeal. See

---

2 See PACER, Public Access to Court Electronic Records, https://pacer.login.uscourts.gov.

United States v. Flores-Rivera, 56 F.3d 319 (1st Cir. 1995). It appears that at a re-sentencing hearing on April 5, 2004, he was sentenced to a total of 408 months imprisonment to be served consecutively to the term of imprisonment imposed in the earlier criminal matter. This sentence was affirmed in an unpublished decision on July 29, 2005.

In the earlier § 2241 petition, Petitioner stated that on November 24, 1998, he filed a motion pursuant to 28 U.S.C. § 2255, which was later denied on or about March 24, 2000. It further appeared that a second § 2255 motion was filed on or about August 25, 2004, and was denied. In addition, it appeared that Petitioner attempted to file yet another § 2255 on or about December 12, 2005, and that it was denied on February 14, 2006. An appeal from the denial of the § 2255 motion to the First Circuit was unsuccessful.

On August 31, 2010, Petitioner states that he filed a § 2241 petition, presumably with the District Court of Puerto Rico, and the petition was denied. On or about March 25, 2014, he filed a motion for Rule 60(d)(1)(3) relief which was denied by the District Court for the District of Puerto Rico on June 24, 2014. The court found that the arguments raised in the motion had been previously considered by the court and found to be without merit. See USA v. Escobar-De-Jesus, et al, 3:90-cr-00130-PG-12 (U.S. D.C. Puerto Rico (San Juan) (Doc. 1250).

Petitioner's first § 2241 petition was filed in this court on November 25, 2014. In the petition, it was clear he was challenging his underlying criminal conviction(s) and sentence(s) by the United States District Court for the District of Puerto Rico based on claims of actual innocence and citing to new federal cases including "Appendi, Booker, Blakely, FanFan, Allene (sic)." (Civ. Action No. 14-2251 at Doc. 3, Supp. Memo at 15.) He also claimed that he was being subjected to Double Jeopardy. (Id. at 16.) This court issued a comprehensive Memorandum dismissing Petitioner's § 2241 petition due to lack of jurisdiction. For the same reasons, the instant petition will also be dismissed.

## II. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977)(Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Benton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)(explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999)(stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000)(finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(e)(stating that the motion must be filed in "the court which sentenced him").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006)(quoting Myers v.

Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). The Petitioner has the burden of proving that § 2255 would be an inadequate or an ineffective remedy. Reyes-Racine v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner

improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, it is apparent that the pending petition is not viable under 28 U.S.C. § 2241. Petitioner admits that he has filed a § 2255 petition in the sentencing court thereby evidencing that his remedy by way of a motion under § 2255 is not unavailable or inadequate. In fact, it appears that he has attempted to file/filed several § 2255 motions with the District Court for the District of Puerto Rico. Although his motions may have been unsuccessful, this does not open the federal court door to the filing of a § 2241 petition. It appears that at least some of the claims Petitioner attempts to raise have already been rejected by the sentencing court. Petitioner cannot seek further relief in the District Court merely because he was unsuccessful. Other claims raised in the instant petition clearly could have been raised in earlier § 2255 motions filed by Petitioner. Finally, to the extent Petitioner attempts to rely on case law not previously available to him when he sought relief pursuant to § 2255, there is no record that he has requested permission from the United States Court of Appeals for the First Circuit for leave to file a successive petition. In fact, Petitioner was advised of this requirement in response to the first § 2241 petition he filed with this court. See Civ. Action No. 14-2251, Doc. 5 at 7-8.)

In checking the docket of the Court of Appeals for the First Circuit, there is no evidence that since this court's ruling on Petitioner's earlier § 2241 petition he has sought permission with the First Circuit to file a second or successive § 2255 motion. Thus, there remains the possibility that he would be granted such permission, if appropriate. Consequently, the court will dismiss the instant petition filed under 28 U.S.C. § 2241, without prejudice, to Petitioner requesting leave to file a second or successive § 2255 motion.[3] Even then, it is only where a petitioner falls within the narrow exception outlined in Dorsainvil in which § 2241 relief could be sought in this court. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d t 251. For these reasons, the instant petition will be dismissed for lack of jurisdiction. An appropriate order follows.

---

[3] Under the "gatekeeping" provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court an order authorizing the sentencing court to consider the second motion. A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255.